# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Christine Bleiler

**(b)** County of Residence of First Listed Plaintiff    Chester County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel S. Orlow, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

## DEFENDANTS

County of Chester
Thomas Goggin

County of Residence of First Listed Defendant    Chester County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | Agency Decision ☐ 950 Constitutionality of |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | Actions | | State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq.; 43 P.S. §951, et seq.

Brief description of cause:
Plaintiff was discriminated against because of her sex.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
2/11/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  West Chester, PA

---

**RELATED CASE IF ANY:**  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.*  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.*  *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases:  *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | |
|---|---|---|
| Christine Bleiler | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| County of Chester, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.               ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( X )

| | | |
|---|---|---|
| 2/11/2026 | | Plaintiff, Christine Bleiler |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | orlow@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTINE BLEILER<br>1541 High Point Road<br>Cochranville, PA 19330<br><br>        *Plaintiff,*<br><br>  v.<br><br>COUNTY OF CHESTER<br>313 W. Market Street<br>West Chester, PA 19380<br><br>THOMAS GOGGIN<br>201 W. Market Street<br>West Chester, PA 19380<br><br>       *Defendants.* | CIVIL ACTION NO.:<br><br><br><br><br><br>__JURY TRIAL DEMANDED__ |

## CIVIL ACTION COMPLAINT

### I.  INTRODUCTION

Plaintiff, Christine Bleiler, brings this action against her former employer, County of Chester, and her former supervisor, Thomas Goggin (collectively, "Defendants"), for discriminating against her based upon her sex (female) and subjecting her to a hostile work environment.

Defendants' unlawful conduct includes subjecting Plaintiff to a prolonged pattern of hostile, discriminatory, and demeaning treatment based on her sex. As the only female Detective reporting to Defendant Goggin, Plaintiff was treated differently and worse than male colleagues, held to a higher standard, belittled, undermined, and subjected to aggressive and intimidating behavior. Despite an internal investigation that corroborated Plaintiff's complaints and found that Defendant Goggin subjected Plaintiff to prolonged gender-based harassment, Defendants failed to

adequately remedy the situation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

Plaintiff seeks damages, including economic loss, compensatory damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II.    PARTIES

1.     Plaintiff, Christine Bleiler, is an individual and a citizen of the Commonwealth of Pennsylvania, residing in Cochranville, PA 19330.

2.     Plaintiff is female.

3.     Defendant County of Chester is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 313 W. Market Street, West Chester, PA 19380.

4.     Defendant Thomas Goggin is an individual who at all times relevant to this Complaint was employed as a Sergeant by Defendant County of Chester.

5.     Defendant County of Chester is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

6.     At all times material hereto, Defendant County of Chester employed twenty (20) or more employees.

7.     At all times material hereto, Defendant County of Chester acted by and through authorized agents, servants, and/or employees acting within the course and scope of their employment and in furtherance of its business.

8.     Defendant Thomas Goggin acted as an agent and/or supervisor of Defendant County of Chester.

2

9.    Defendant Goggin aided, abetted, incited, committed, compelled and/or coerced the sex discriminatory conduct set forth herein, obstructed or prevented Defendant County of Chester from complying with Title VII and the PHRA, and did in fact commit acts in violation of Title VII and the PHRA.

10.    At all times material hereto, Plaintiff was an employee of Defendants within the meaning of Title VII and the PHRA.

## III.    **JURISDICTION AND VENUE**

11.    The causes of action which form the basis of this matter arise under Title VII and the PHRA.

12.    This Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.

13.    This Court has jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1367.

14.    Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

15.    On or about January 2, 2024, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission, complaining of acts of discrimination alleged herein. That complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's agency complaint (with personal identifying information redacted).

16.    On or about November 18, 2025, the EEOC issued to Plaintiff a Notice of Right to Sue pertaining to Plaintiff's agency complaint. Attached hereto as Exhibit "2" is a true and correct copy of that Notice.

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     <u>FACTUAL ALLEGATIONS</u>

18.     Plaintiff was hired by Defendant County of Chester on or about August 3, 2015.

19.     Plaintiff held the position of Detective.

20.     Plaintiff last reported to Robert Balchunis (male), Sergeant.

21.     Balchunis reported to Maurice Nadachowski (male), Lieutenant.

22.     Nadachowski reported to David Sassa (male), Chief.

23.     Before reporting to Balchunis, Plaintiff reported to Defendant Thomas Goggin (male), Sergeant.

24.     In or about February 2021, Plaintiff began reporting to Defendant Goggin.

25.     Defendant Goggin had no role in Plaintiff being hired at Defendant County of Chester.

26.     At all relevant times, Plaintiff was one (1) of two (2) female Detective employees out of twenty-four (24) Detective employees at Defendant County of Chester.

27.     Defendant Goggin treated Plaintiff differently and worse, and in a more hostile and dismissive manner, than he treated male employees.

28.     Defendant Goggin accused Plaintiff of talking too much.

29.     Defendant Goggin yelled at Plaintiff.  By way of example, on or about August 1, 2023, Goggin angrily confronted and yelled at Plaintiff in front of other employees about transporting a murder suspect, singling her out while making no significant mention of the two male detectives involved in the transport.

30.    On or about August 5, 2023, Goggin angrily confronted and yelled at Detective Bleiler in front of other detectives for approximately ten minutes about a death investigation where they had a difference of opinion.

31.    Defendant Goggin unjustly criticized Plaintiff for working remotely.

32.    Defendant Goggin belittled Plaintiff.

33.    Defendant Goggin interrupted Plaintiff when she was speaking.   By way of example, on or about July 28, 2023, Goggin angrily questioned and yelled at Plaintiff over the phone about a DNA sample, cutting her off mid-sentence; and then addressed male detectives on the same issue without yelling or anger.

34.    On or about August 2, 2023, Goggin yelled at Plaintiff during a rape investigation, cut her off mid-sentence, pointed to his temple and yelled "You better think before you talk, and come up with a plan before you just say something!"

35.    Defendant Goggin unjustly criticized Plaintiff's performance.

36.    Defendant Goggin communicated with Plaintiff in a demeaning manner.

37.    Defendant Goggin spoke to Plaintiff in a condescending manner.

38.    Defendant Goggin interacted with Plaintiff in an aggressive manner.

39.    Defendant Goggin spoke to Plaintiff in an intimidating manner.

40.    Defendant Goggin held Plaintiff to a higher, more stringent standard than he held male employees to.

41.    Defendant Goggin instructed Plaintiff that she "better not" tell anyone that he was a problem.

42.    When Plaintiff asked to use one (1) hour of compensatory time off, which she had earned, Defendant Goggin angrily responded that Plaintiff had "fucking balls" to ask for the same.

43.    Plaintiff objected to the sex discriminatory comments and conduct directed toward her.

44.    On August 2, 2023, in a meeting with Sassa and Robert Dougherty (male), Lieutenant, Plaintiff complained of sex discrimination in connection with how Defendant Goggin was treating her. They told Plaintiff that an internal affairs investigation would be started.

45.    In response, Plaintiff stated that she was concerned about working near Defendant Goggin after making this complaint because she was afraid of retaliation.

46.    Plaintiff was told that it was unreasonable to want to move her desk, even though it was directly across from Defendant Goggin's office.

47.    On August 2, 2023, Sassa instructed Plaintiff to report to Joseph Walton (male), Sergeant, to minimize contact with Defendant Goggin.

48.    On or about August 3, 2023, Defendant Goggin was told that he could work remotely.

49.    On August 4, 2023, in a meeting with Dougherty and Jeremy Rubincan (male), Sergeant, in connection with Defendant County of Chester's internal affairs investigation into Plaintiff's sex discrimination complaints, Plaintiff provided examples of how Defendant Goggin treated her differently and worse than male employees. Plaintiff stated that the only difference between Plaintiff and the other Detectives, who were treated more favorably, was that she is a woman.

50.    On October 11, 2023, in a notice to Defendant Goggin from Sassa, Sassa stated that fifteen (15) employees were interviewed during an investigation into Plaintiff's sex discrimination complaint, and the Detectives who were interviewed corroborated Plaintiff's complaints that Plaintiff had been treated differently by Defendant Goggin compared to her male

counterparts for years. Sassa stated that Defendant Goggin "denied all the allegation made by [Plaintiff]," and that it was "evident that [he was] untruthful during [his] interview."

51.    Sassa stated that it is Defendant Goggin's "responsibility to treat all employees equally, without regard to race, color, sex, age, or national origin, [and his] prolonged disparate treatment of [Plaintiff] violates this requirement." Sassa stated that Defendant Goggin "subjected [Plaintiff] to prolonged gender-based harassment" and had violated other policies. Sassa stated that "disciplinary action may include demotion up to and including termination from employment." Sassa stated that Defendant Goggin had an opportunity to respond to the charges against him before action was taken against him.

52.    On November 28, 2023, Sassa told Plaintiff that Defendant Goggin would be suspended for two (2) weeks and would then return to the office in a demoted position of Detective.

53.    Plaintiff stated that bringing Defendant Goggin back to work, as her peer, did not fix the issue, and that she was concerned that Defendant Goggin would put a target on her back when he returned to work, since she had complained about him.

54.    Sassa told Plaintiff to "bury her head in her work" and "move on from this."

55.    On or about December 15, 2023, Plaintiff began reporting to Balchunis.

56.    Throughout 2024 and 2025, Plaintiff was forced to work in close physical proximity with Defendant Goggin over her explicit objection and her complaint that working in close physical proximity with Goggin caused her significant discomfort, anxiety, and distress over potential retaliation and continued harassment.

57.    In light of Chief Sasa's instruction to "bury her head in her work" and "move on from this," Plaintiff was forced to work in close physical proximity with an individual who had

engaged in gender-based harassment toward her for years in an environment already dominated by males receiving preferential treatment.

58.    By its actions set forth above, Defendant County of Chester failed to remedy and/or correct the discrimination and harassment to which Plaintiff had been subjected.

59.    Defendant County of Chester's failure to remedy and/or correct the discrimination and harassment to which Plaintiff had been subjected altered the terms and conditions of her employment insomuch as Plaintiff's work environment remained permeated with the potential for retaliation and continued gender-based harassment, thus making Plaintiff job performance more difficult because or her sex and her complaint of sex discrimination.

60.    Plaintiff understood Chief Sasa's directive for her to "bury her head in her work" and "move on from this" to mean that no further remedial action would be taken by the County of Chester in response to any further instances of harassment or retaliation.

61.    On or about September 5, 2025, Plaintiff resigned from her employment due to the sex discrimination and retaliation to which she was subjected and Defendant County of Chester's failure to remedy and/or correct the same.

62.    The conduct of Defendants, as set forth above, was severe or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that the working environment was hostile or abusive, and in fact made Plaintiff believe that her working environment was hostile and abusive because of her sex and her complaint of sex discrimination

63.    Plaintiff's sex and her complaint of sex discrimination were each determinative and/or motivating factors in Defendants' discriminatory and retaliatory treatment of her as set forth herein, including subjecting her to a sex-based hostile work environment, failing to remedy or correct the same, and instructing her to "bury her head in her work" and "move on from this."

64.    As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants as set forth above, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time

**COUNT I - TITLE VII (as to Defendant County of Chester Only)**

65.    Plaintiff incorporates by reference the foregoing paragraphs as set forth herein in their entirety.

66.    By committing the foregoing acts of discrimination against Plaintiff, Defendant County of Chester has violated Title VII.

67.    Defendant County of Chester acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, warranting the imposition of punitive damages.

68.    As a direct and proximate result of Defendant County of Chester's violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

69.    Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

70.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant County of Chester's discriminatory acts unless and until this Court grants the relief requested herein.

71.    No previous application has been made for the relief requested herein.

**COUNT II – PHRA (as to all Defendants)**

72.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

73.    By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the PHRA.

74.    As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

75.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

76.    No previous application has been made for the relief requested herein.

## **<u>RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

a.    declaring the acts and practices complained of herein to be in violation of Title VII;

b.    declaring the acts and practices complained of herein to be in violation of the PHRA;

c.    enjoining and permanently restraining the violations alleged herein;

d.    entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

e.    awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future;

f.      awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures;

g.      awarding punitive damages to Plaintiff under Title VII;

h.      awarding Plaintiff such other damages as are appropriate under Title VII and the PHRA;

i.      awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

j.      granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC\**

Date: February 11, 2026          By:      */s/ Daniel Orlow*
DANIEL ORLOW, ESQ.
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Phone: (215) 545-7676
orlow@consolelaw.com

*Attorneys for Plaintiff*

11

# Exhibit 1

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

|  |  |  |
|---|---|---|
| | : | |
| Christine Bleiler, | : | |
| Complainant | : | |
| | : | |
| v. | : PHRC Case No. 202316137 | |
| | : | |
| County of Chester; Thomas Goggin, | : EEOC No. 17F202460503 | |
| Respondent | : | |
| | : | |

## COMPLAINT

### JURISDICTION

1.    Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

### PARTIES

2.    The Complainant herein is:

Christine Bleiler



3.    The Respondent herein is:

County of Chester; Thomas Goggin
313 W. Market Street
West Chester, PA19380

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

|  |  |  |
|---|---|---|
| COMPLAINANT: | : | |
| **CHRISTINE BLEILER** | : | Docket No. |
| v. | : | |
| RESPONDENTS: | : | |
| **COUNTY OF CHESTER** | : | |
| and | : | |
| **THOMAS GOGGIN, aider and abettor** | : | |

1. The Complainant herein is:

   Name:              Christine Bleiler

   Address:           redacted

2. The Respondents herein are:

   Names:             County of Chester ("Respondent Entity"); Thomas Goggin,
                      aider and abettor ("Respondent Goggin")

   Address:           313 W. Market Street
                      West Chester, PA 19380

3. I, Christine Bleiler, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my sex (female), as set forth below.

### Discrimination

#### A. I specifically allege:

[1]    I was hired by Respondent Entity on or about August 3, 2015.

[2]    I am a current employee of Respondent Entity.

[3]    I currently hold the position of Detective.

[4]    I report to Robert Balchunis (male), Sergeant. Balchunis reports to

Maurice Nadachowski (male), Lieutenant. Nadachowski reports to David Sassa (male), Chief.

[5]    Before reporting to Balchunis, I reported to Respondent Thomas Goggin

(male), Sergeant.

[6]    In or about February 2021, I began reporting to Respondent Goggin.

[7]    I was the only female employee directly reporting to Respondent Goggin.

[8]    Respondent Goggin had no role in my being hired at Respondent Entity.

[9]    I am one (1) of two (2) female Detective employees out of twenty-four

(24) Detective employees at Respondent Entity.

[10]    In addition to me, the following employees reported to Respondent

Goggin. I am qualified to perform each of these employees' positions.

a)  Keith Cowdright (male), Detective;

b)  Steven Parkinson (male), Detective;

c)  John DiBattista (male), Detective;

d)  Daniel Orris (male), Detective;

e)  Gary Lynch (male), Detective;

f)  Chris Bucci (male), Detective;

g)  Mark Wilusz (male), Detective.

[11]      Respondent Goggin treated me differently and worse, and in a more hostile and dismissive manner, than he treated male employees.

[12]      Respondent Goggin accused me of talking too much.

[13]      Respondent Goggin piled work on me.

[14]      Respondent Goggin yelled at me.

[15]      Respondent Goggin unjustly criticized me for working remotely.

[16]      Respondent Goggin belittled me.

[17]      Respondent Goggin ignored me.

[18]      Respondent Goggin interrupted me when I was speaking.

[19]      Respondent Goggin unjustly criticized my performance.

[20]      Respondent Goggin communicated with me in a demeaning manner.

[21]      Respondent Goggin spoke to me in a condescending manner.

[22]      Respondent Goggin interacted with me in an aggressive manner.

[23]      Respondent Goggin spoke to me in an intimidating manner.

[24]      Respondent Goggin undermined me.

[25]      Respondent Goggin held me to a higher, more stringent standard than he held male employees to.

[26]      Respondent Goggin instructed me that I "better not" tell anyone that he was a problem.

[27]      When I asked to use one (1) hour of compensatory time off, which I had earned, Respondent Goggin angrily responded that I had "fucking balls" to ask for the same.

[28]      I objected to the sex discriminatory comments and conduct toward me.

[29]     On August 2, 2023, in a meeting with Sassa and Robert Dougherty (male), Lieutenant, I complained of sex discrimination in connection with how Respondent Goggin was treating me. They told me that an internal affairs investigation would be started. I stated that I was concerned about working near Respondent Goggin after making this complaint because I was afraid of retaliation. They told me that it was unreasonable to want to move my desk, even though it was directly across from Respondent Goggin's office.

[30]     On August 2, 2023, Sassa instructed me to report to Joseph Walton (male), Sergeant, to minimize contact with Respondent Goggin.

[31]     On or about August 3, 2024, Respondent Goggin was told that he could work remotely.

[32]     On August 4, 2023, in a meeting with Dougherty and Jeremy Rubinean (male), Sergeant, in connection with Respondent Entity's internal affairs investigation into my sex discrimination complaints. I provided examples of how Respondent Goggin treated me differently and worse than male employees. I stated that, the only difference between me and the other Detectives, who were treated more favorably, was that I am a woman.

[33]     On October 11, 2023, in a Loudermill Notice to Respondent Goggin from Sassa, Sassa stated that fifteen (15) employees were interviewed during the investigation into my sex discrimination complaint, and the Detectives who were interviewed corroborated my complaints that I had been treated differently by Respondent Goggin than my male counterparts for years. Sassa stated that Respondent Goggin "denied all the allegation made by [me]," and that it was "evident that [he was] untruthful during [his] interview." Sassa stated that it is Respondent Goggin's "responsibility to treat all employees equally, without regard to race, color, sex, age, or national origin[, and his] prolonged disparate treatment of [me] violates this

requirement." Sassa stated that Respondent Goggin "subjected [me] to prolonged gender-based harassment" and had violated other policies. Sassa stated that "disciplinary action may include demotion up to and including termination from employment." Sassa stated that Respondent Goggin had an opportunity to respond to the charges against him before action was taken against him.

[34]     On November 28, 2023, Sassa told me that Respondent Goggin would be suspended for two (2) weeks and would then return to the office in a demoted position of Detective. I stated that bringing Respondent Goggin back to work, as my peer, did not fix the issue, and that I was concerned that Respondent Goggin would put a target on my back when he returned to work, since I had complained about him. Sassa told me to bury my head in my work and move on from this.

[35]     Following the above, Respondent Goggin filed a grievance in connection with his suspension and demotion.

[36]     Respondent Goggin remains employed with Respondent Entity.

[37]     Despite Respondent Entity finding that Respondent Goggin subjected me to a sex-based hostile work environment for years and violated numerous of Respondent Entity's policies, Respondent Entity failed to terminate Respondent Goggin's employment.

[38]     On or about December 15, 2023, I began reporting to Balchunis.

[39]     Respondents failed to remedy or prevent the sex discrimination to which I have been subjected.

[40]     Respondents subjected me to a hostile work environment because of my sex.

[41]    The sex-based hostile work environment to which I have been subjected by Respondents constitutes a continuing violation.

[42]    Respondent Goggin has aided and abetted Respondent Entity in discriminating against me because of my sex.

[43]    Respondents' sex discriminatory conduct and comments have caused me emotional distress.

**B.** Respondents have discriminated against me because of my sex (female), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

**__X__    Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): __(a); (e)__**

\_\_\_\_    Section 5.1 Subsection(s) _____

\_\_\_\_    Section 5.2 Subsection(s) _____

\_\_\_\_    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

**__X__    This charge will be referred to the EEOC for the purpose of dual filing.**

6.  The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation
complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

12/28/23
(Date Signed)

(Signature)   Christine Bleiler

redacted

# Exhibit 2

**From:**      DOJ Civil Rights - Do Not Reply
**To:**        Emily R. Derstine Friesen
**Subject:**   Response: Your Civil Rights Division Report - 631244-KML from the Employment Litigation Section
**Date:**      Tuesday, November 18, 2025 9:09:30 AM



**U.S. Department of Justice**
## Civil Rights Division

| civilrights.justice.gov

631244-KML

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

Nov 18, 2025

Christine Bleiler

derstinefriesen@consolelaw.com

Re:      Christine Bleiler v. County of Chester; Thomas Goggin, et al.,
EEOC Charge No. 17F-2024-60503

Dear Christine Bleiler,

You are receiving this notice because you filed the above charge(s) with the
Equal Employment Opportunity Commission (EEOC), and you or your attorney
specifically requested this notice.

Because either 180 days have passed since you filed the above charge(s), or
because the EEOC has determined that it will not be able to conclude its
administrative process within 180 days of the date it assumed jurisdiction of the
charge(s), you are hereby notified that you have the right to file a lawsuit
commencing a civil action based on the charge(s) under the following statute(s):

- Title VII of the Civil Rights Act of 1964, 42 USC. 42 U.S.C. § 2000e, et seq.


If you decide to file a lawsuit under the statute(s) identified above, **you must file
it in the appropriate court within 90 days of receiving this Notice**.  This
Notice should not be taken to mean that the Department of Justice has made a
judgment as to whether your charge is meritorious.  If you haven't already, you

may want to consult with a private attorney of your own choosing and expense.

If you have questions or wish to inspect the investigative file pertaining to this matter, please address your inquiry to the following EEOC office: Philadelphia District Office. Contact information for this office can be located at https://www.eeoc.gov/field-office/philadelphia/location.

Sincerely,

Complaint Referral Unit
Employment Litigation Section
Civil Rights Division

CC: derstinefriesen@consolelaw.com, derstinefriesen@consolelaw.com, jpgonzales@mdwcg.com, Damon.Johnson@EEOC.gov

**Contact**

[civilrights.justice.gov](civilrights.justice.gov)

 U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW Washington, D.C. 20530-0001

 (202) 514-3847
1-855-856-1247 (toll-free)
Telephone Device for the Deaf (TTY) (202) 514-0716